Supreme Court
No. 2015-138-Appeal.

Theresa Carmone Wells et al.              :

v.                              :

Ronald Blanchard et al.                  :

**O R D E R**

This case came before the Supreme Court on February 24, 2016, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not summarily be decided. We conclude that cause has not been shown and that the appeal may be decided at this time. For the reasons set forth herein, we affirm the judgment of the Superior Court.

This controversy began in 2002, when the late Theresa Carmone Wells entered into a purchase and sales agreement to sell real property in Bristol to the Blanchards. Continuing disagreement between the parties erupted, a lawsuit ensued, and in Blanchard v. Wells, 844 A.2d 695 (R.I. 2004), this Court affirmed a judgment granting specific performance in favor of the Blanchards. That, however, did not bring the litigation to a close, and years of legal wrangling in the Superior Court and before administrative bodies followed, all part of Mrs. Wells' efforts to frustrate the Blanchards' ability to develop the property that she had sold to them. See Nos. PC 05-4066; PC 06-0609; PC 06-5659; PC 06-6481; PC 07-3471; and PC 07-5153. The appellant, Keven McKenna, represented Mrs. Wells in those legal battles and he purported to represent

several other plaintiffs as well. The Blanchards filed a lawsuit for malicious prosecution and abuse of process, naming Mr. McKenna and others as defendants. See PC 11-2684. During that lawsuit, the Blanchards became aware, through deposition testimony, that several of the named plaintiffs in the prior cases had not been aware that they had been parties to some or all of the lawsuits filed by Mr. McKenna, supposedly on their behalf.

Eventually, the Blanchards filed motions for sanctions, pursuant to Rule 11 of the Superior Court Rules of Civil Procedure, in six cases—all of which had been consolidated in PC 05-4066 for case management purposes only. Attached to the motions were transcripts of the depositions of Mr. McKenna's putative former clients to support the motions. The Superior Court ordered Mr. McKenna to show cause why sanctions should not be imposed, and a hearing was conducted before a justice of the Superior Court on August 20, 2014. Although no transcript of that hearing has been provided to us, the trial justice filed a sweeping and thorough forty-nine-page written decision on March 6, 2015, detailing the evidence that had been presented by each party and her reasoning for granting the motion for sanctions. The trial justice found that Mr. McKenna's "misrepresentations concerning the attorney-client relationship with the named plaintiffs in connection with his filings, as well as his misrepresentations concerning their purported intentions to bring civil actions or other proceedings against the Blanchards, were not objectively reasonable and were in violation of Rule 11." The trial justice ordered Mr. McKenna to pay monetary damages in the aggregate amount of $19,267.06 for conduct violating Rule 11 in five separate cases.

Although the sanctions were assessed against him in a number of different cases, Mr. McKenna filed but one notice of appeal and filing fee, in case number PC 05-4066. In that case the trial justice sanctioned Mr. McKenna the sum of $1,000, for "nam[ing] Nicholas S. Mancieri

as a party to the First Amended Complaint," because she found that there had been no attorney-client relationship between Mr. McKenna and Mr. Mancieri. In making that finding, the trial justice relied on Mr. Mancieri's deposition testimony, in which he swore that he had never received a copy of the first amended complaint and never gave Mr. McKenna permission to name him as a party, nor had he ever met or spoken with Mr. McKenna. Therefore, the only issue before us in this appeal is the trial justice's ruling for sanctions for conduct in that discrete case, PC 05-4066. See State Water Resources Board v. Howard, 729 A.2d 712, 714 (R.I. 1999) ("Causes of action, although consolidated, remain distinct throughout trial and in the event of an appeal, a notice of appeal must be filed for each action").

In his written submission to this Court, Mr. McKenna argues that the trial justice erred in granting the motion because: (1) the Superior Court lacked jurisdiction to impose sanctions in closed cases; (2) Mr. McKenna was protected "by the Due Process and Freedom of Speech Clauses of the R.I. and U.S. Constitutions"; (3) Mr. McKenna was immune from sanctions under the Anti-SLAPP Act, G.L. 1956 § 9-33-2, and G.L. 1956 § 45-24-67; and (4) the principles of res judicata, collateral estoppel, statute of limitations, laches, and the law of the case doctrine protected Mr. McKenna from sanctions.

The arguments presented to us by appellant in his written submissions are unpersuasive. Further, Mr. McKenna failed to appear before this Court to elucidate his reasoning for challenging the trial justice's decision. Thus, we are unconvinced that the trial justice abused her discretion in finding that no attorney-client relationship existed between Mr. McKenna and Nicholas S. Mancieri. See In re Briggs, 62 A.3d 1090, 1097 (R.I. 2013) ("this Court reviews a trial justice's decision to award or deny Rule 11 sanctions under an abuse-of-discretion standard"). Our review of the record demonstrates that Mr. McKenna received adequate notice

of the show cause hearing on Rule 11 sanctions, a point that is accentuated by the fact that Mr. McKenna submitted an objection with supporting evidence, appeared at that hearing to present arguments, and even submitted the testimony of a witness in support of his objection to the motion for sanctions.

We also note that Mr. McKenna's argument that the trial justice lacked jurisdiction to consider sanctions after final judgment had been entered is unavailing. We have acknowledged with approval the United States Supreme Court's decision that "the imposition of sanctions is a 'collateral issue' that may be determined independently from 'the merits of an action.'" Burns v. Moorland Farm Condominium Association, 86 A.3d 354, 360 (R.I. 2014) (quoting Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 396 (1990)). Therefore, such a motion may be entertained concurrently with, or subsequent to, the entry of judgment. Id. In our opinion, Mr. McKenna's remaining arguments have no merit. Consequently, we hold that the trial justice acted within the parameters of her discretion when she imposed sanctions in the amount of $1,000 on Mr. McKenna for conduct in violation of Rule 11 in case PC 05-4066.

Entered as an Order of this Court this 15th day of April, 2016.

By Order,


_____/s/_____
Clerk



# RHODE ISLAND SUPREME COURT CLERK'S OFFICE

## *Clerk's Office Order/Opinion Cover Sheet*

**TITLE OF CASE:** Theresa Carmone Wells et al. v. Ronald Blanchard et al.

**CASE NO:** No. 2015-138-Appeal.
(PC 05-4066)

**COURT:** Supreme Court

**DATE ORDER FILED:** April 15, 2016

**JUSTICES:** Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

**WRITTEN BY:** N/A – Court Order

**SOURCE OF APPEAL:** Providence County Superior Court

**JUDGE FROM LOWER COURT**:

Associate Justice Patricia A. Hurst

**ATTORNEYS ON APPEAL:**

For Appellant: Keven A. McKenna, Pro Se

For Appellee: Ronald Blanchard, Pro Se